# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| TIMOTHY J. HARVEY, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | 2:10-CV-278-PPS |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Timothy Harvey, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 [DE 1], challenging his 2008 Lake County conviction for murder, for which he was sentenced to 55 years. Harvey appealed his conviction, asserting that the trial court erroneously admitted his confession into evidence. He argued that his confession was defective for several reasons: 1) because he was in custody as the result of an arrest that was not supported by probable cause; 2) because he was under the influence of marijuana and PCP when he gave his statement; and 3) because his statement was coerced through false representations, and a threat, by the police that the death penalty would be on the table if he did not confess [DE 11-3].

The Indiana Court of Appeals affirmed Harvey's conviction on December 31, 2008, finding that there was probable cause for his warrantless arrest and that he voluntarily provided his statement to police [DE 11-5]. Harvey's petition for transfer was denied on February 19, 2009 [DE 11-2 at 4]. On September 16, 2009, Harvey filed a petition for state post-conviction relief [DE 11-1 at 4], which the trial court dismissed on November 12, 2010, for failure to comply with the trial court's orders [DE 11-1 at 2]. Harvey did not appeal from the dismissal of his post-conviction petition.

Harvey asserts in his present habeas petition that: (1) his warrantless arrest was not supported by probable cause; (2) he was not adequately informed of his *Miranda* rights; (3) the state courts applied an erroneous standard in reviewing the voluntariness of his confession; and (4) his right to confront witnesses was violated by the admission of hearsay statements at trial [DE 1 at 3-4]. This petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The court can only grant an application for habeas relief if it meets the requirements of Section 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court, or reaches an opposite result in a case involving facts materially

indistinguishable from relevant Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id.* at 520-21.

In reviewing a petition for federal collateral relief from a state court judgment of conviction, I must presume as correct the facts as found by the state courts. 28 U.S.C. § 2254(e)(1); *see also Sumner v. Mata*, 449 U.S. 539, 547 (1981). Here's how the Indiana Court of Appeals described the facts of the case:

> On December 25, 2005, Gary Police Department Officer Jackie Reid responded to a missing person report by traveling to Chapman's home in Hammond, Indiana. Chapman was last seen on December 22, 2005. On December 22, after work, Chapman had gone to an ATM and withdrawn $1000 in cash, but he did not arrive at his family's holiday gathering in St. Louis as expected. His family then called to report him missing.
>
> Officer Reid met a relative of Chapman's at his home and contacted the fire department to gain entry to the residence. Once inside, Officer Reid found Chapman, deceased and face down, in the basement. Officer Reid secured the scene and contacted Deputy Chief Thomas Branson, who arrived at the scene and found Sellier and Belloit brand shell casings. It was determined that Chapman died as a result of four gunshot wounds to the head and back. Chapman's wallet and money were not found at the scene and were never recovered.
>
> Detective Lorenzo Davis then joined the investigation. Detective Davis began canvassing the neighborhood and spoke with one of the neighborhood residents, Harvey's father. Detective Davis learned from Harvey's father that Harvey and Chapman were friends and that Harvey lived nearby with another friend, Albert McFall. Detective Davis then went to McFall's home and learned that Harvey visited Chapman's home for fifteen to twenty minutes on December 22 and returned nervous, shaking, and without the gun he was known to carry. McFall told the officers that Harvey had then received a ride to the home of McFall's sister, Kamika Weathersby. After speaking to Weathersby, Detective Davis learned that after leaving her home, Harvey had called Weathersby and instructed her to put a fur coat

he had left behind into a hole in her garage. Police officers recovered the coat and found inside it a box of Sellier and Belloit bullets. The police also learned that soon after Chapman's body was discovered, Harvey purchased a car. Detective Davis learned that Harvey was now staying in a nearby abandoned house, and when officers arrived there on December 31 to arrest him, Harvey fled from the officers.

After Harvey was arrested and read his *Miranda* rights, Detective Davis interviewed Harvey at the police department. Detective Davis read Harvey his rights again and Harvey then read and signed a *Miranda* waiver. Harvey then gave a statement to the police, confessing to shooting Chapman and taking his wallet, which contained about $700 in cash.

[DE 11-5 at 3-4].

## I. Lack of Probable Cause to Support Warrantless Arrest

In ground one of his petition, Harvey asserts that he was arrested without probable cause. Harvey presented this claim in his direct appeal, where he asserted that his confession was the product of an illegal arrest [DE 11-3 at 9-10]. Harvey's habeas petition presents this as a claim that he was illegally seized in violation of the Fourth Amendment. The problem for Harvey is that claims like this one that were fully litigated in state court are barred on collateral review:

> As long as a habeas petitioner enjoyed an "opportunity for full and fair litigation of a Fourth Amendment claim" in state court, federal habeas review of the claim is barred. . . . As a general principle, absent a subversion of the hearing process, we will not examine whether the state courts made the right decision.

*Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008) (citations omitted). What this means is that the exclusionary rule cannot be enforced under § 2254 unless the state court denied a defendant a full and fair opportunity to contest the seizure. *Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005).

The Indiana courts considered Harvey's claim that his warrantless arrest was not supported by probable cause, and the Indiana Court of Appeals specifically rejected this claim [DE 11-5 at 5-8]. Because Harvey fully litigated his probable cause claim in the state courts,

4

that claim is not cognizable on habeas review. *Ben-Yisrayl*, 540 F.3d at 552.

## II. *Miranda* Rule Violation

In ground two of his petition, Harvey asserts that after he was arrested, he was given "an inadequate reading" of his *Miranda* rights, and that his confession was therefore infirm [DE 1 at 3].

To grant relief under the AEDPA, a federal habeas court must find that the state court conclusion was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also Rice v. Collins*, 546 U.S. 333, 338 (2006). State court factual findings are presumed correct, and a petitioner has the burden of rebutting the presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Rice*, 546 U.S. at 338-39. The Indiana Court of Appeals found that Harvey had his Miranda rights read to him on a number of occasions:

> Deputy Chief Branson testified that Harvey was read his *Miranda* rights when he was arrested. At the Gary Police Department, Detective Davis read Harvey his rights again. Harvey told the detectives that he could read, and Detective Davis gave Harvey the opportunity to read the waiver of *Miranda* rights for himself after he had read the waiver to Harvey. Harvey then initialed each provision and signed the waiver acknowledging his rights and agreeing to talk to the police voluntarily. Harvey admits that he did sign this *Miranda* rights waiver. . . . After Harvey signed this waiver, he gave his statement to [the] police.

[DE 11-5 at 9-10; citation omitted].

On appeal, Harvey contended that he was not read his rights until after he started to give his statement. But the Indiana Court of Appeals credited Deputy Chief Branson's testimony that Harvey was twice informed of his rights and signed the waiver before giving his statement. *Id.* In a habeas proceeding, pursuant to § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *See Richardson v. Briley*, 401

F.3d 794, 802 (7th Cir. 2005) (reversing grant of habeas relief; finding that the state court "made several factual determinations about the credibility of the witnesses that were not given adequate weight by the district court."). The determination of the Indiana Court of Appeals that Harvey was read his Miranda rights before giving his confession is supported by the record. Harvey does not rebut that court's factual findings. Accordingly, this ground for relief is without merit.

### III.     Burden of Proof

In his third ground for relief, Harvey asserts that the trial court applied the wrong burden of proof in evaluating the voluntariness of his confession. Harvey presented this argument to the Indiana Court of Appeals in his direct appeal, contending that he was entitled to a showing under Indiana law that his confession was voluntary beyond a reasonable doubt [DE 11-3 at 11].

Harvey's argument based on the standard of proof under Indiana law is not cognizable on federal habeas review because such review does not reach errors of state law. *Johnson v. Bett*, 349 F.3d 1030, 1037 (7th Cir. 2003). Rather, in evaluating § 2254 motions, federal courts are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). Federal courts may only review a state evidentiary hearing if it is erroneous and the "error rises to the level of a constitutional violation." *Morgan v. Krenke*, 232 F.3d 562, 567 (7th Cir. 2000). They may not interfere with a state evidentiary ruling unless the evidence was so prejudicial that its admission violated fundamental due process rights and the right to a fair trial. *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (9th Cir. 1993); *see also Lopez v. Thurmer*, 594 F.3d 584, 587 (7th Cir. 2010) (federal courts "may not grant habeas relief under 28 U.S.C. § 2254 merely because a state court has misinterpreted or misapplied state law").

Moreover, to the extent Harvey presents a federal law claim – *i.e.*, that the State failed to carry its burden of showing the voluntariness of his confession by a preponderance of the

6

evidence – the Indiana Court of Appeals expressly found that "the evidence was substantial enough . . . to find that Harvey's confession was voluntary beyond a reasonable doubt" [DE 11-5 at 9]. This is more than what the federal standard – preponderance of the evidence – requires. The determination of the Indiana Court of Appeals is supported by the record [DE 11-5 at 9-12], and Harvey does not rebut these factual findings. Accordingly, Harvey is not entitled to relief on this ground.

IV.   **Violation of Harvey's Right to Confront Witnesses**

In ground four of his petition, Harvey asserts that police officers were allowed to give testimony regarding out-of-court statements given by "absent witnesses," violating his rights under the Sixth Amendment's Confrontation Clause and Indiana Rule of Evidence 801(d)(1)(a) [DE 1 at 4]. Harvey's argument based on Indiana's evidence rules states no claim upon which relief can be granted because errors of state law are not cognizable in a habeas proceeding. *Johnson*, 349 F.3d at 1037.

Harvey asserts that he raised his federal Confrontation Clause claim in his state petition for post-conviction relief. But his post-conviction petition was dismissed by the trial court [DE 11-1 at 2], and he did not appeal from the dismissal of his petition.

The exhaustion doctrine requires a habeas petitioner to "fairly present" his federal constitutional claims to the state courts before submitting them to the federal courts. *Verdin v. O'Leary*, 972 F.2d 1467, 1472-73 (7th Cir. 1992). Therefore, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts before considering the merits of a habeas petition. 28 U.S.C. § 2254(b)(1)(A); *see also Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To fully exhaust his state court remedies, a habeas petitioner must seek

discretionary review from the State's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Failure to exhaust available state court remedies constitutes a procedural default. *Id.* at 844.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and prejudice resulting from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" that prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. 722, 750 (1991). Under this narrow exception, a habeas applicant must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Harvey does not even attempt to show cause-and-prejudice or that a fundamental miscarriage of justice occurred. So this claim is barred under the procedural default doctrine because Harvey's opportunity to present it to the Indiana Court of Appeals has passed. *Perruquet*, 390 F.3d at 514.

## V. Certificate of Appealability

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, I must consider whether to grant Harvey a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing

8

"that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted).

For the reasons stated in this opinion, I conclude that Harvey did not exhaust his Confrontation Clause claim, which is therefore barred by the doctrine of procedural default, and that his remaining claims are without merit. Moreover, nothing in Harvey's submissions suggests, let alone establishes, that reasonable jurists could debate the correctness of these conclusions or find a reason to encourage Harvey to proceed further. Accordingly, I decline to issue Harvey a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the petition [DE 1], **DIRECTS** the Clerk to close this case, and **DENIES** a certificate of appealability.


**SO ORDERED**.

ENTERED: October 20, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
